

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00100-CR

_____

CHRISTOPHER LEE BAKER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 33381-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Christopher Lee Baker appeals from his conviction by a jury for possession of a controlled substance, cocaine, between one and four grams. The jury assessed his punishment at ten years' imprisonment. On appeal, he contends the evidence is legally and factually insufficient to support his conviction. We affirm the judgment of the trial court.

Officer Dan Neal was sent to a residence in connection with a disturbance at a particular apartment. When he arrived, he saw Baker knocking on its door. Neal asked him why, and in response Baker told him he was trying to get a ride to Gladewater from someone named Brian.[1] Baker was knocking on a door of an apartment occupied by John Montana, who did not know him. The officer described Baker's behavior as odd, and stated that he had interacted with Baker before and that his speech on this occasion was not normal, to the extent the officer believed that Baker was under the influence of some type of narcotic. Neal requested to search Baker, and he consented. Neal found a lighter on Baker's person, but nothing else.

At some point, Baker was arrested and two bags in his possession were searched. Inside the bags, Neal found an alcohol prep pad, three syringes, a lighter, a bottle of butane refill lighter fluid, and two vials containing liquid. Neal testified he conducted a field test and concluded one vial contained methamphetamine. At the time, he thought the liquid would weigh less than a gram, but

---

[1]The identity or location of Brian was never determined.

it appears that was the officer's estimate.[2]  The liquid in the vial was ultimately tested by a chemist, who testified that it was a suspension of cocaine weighing 2.47 grams.[3]

In reviewing the legal sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).

In a factual sufficiency review, we review all the evidence, but do so in a neutral light and determine whether the evidence supporting the verdict is so weak or is so outweighed by the great weight and preponderance of the evidence that the jury's verdict is clearly wrong or manifestly unjust.  *Roberts v. State*, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007); *Marshall v. State*, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006); *Watson v. State*, 204 S.W.3d 404, 414–15 (Tex. Crim. App. 2006).

In a factual sufficiency review, we are to afford "due deference" to a jury's determinations.  *Marshall*, 210 S.W.3d at 625.  "Although an appellate court reviewing factual sufficiency has the ability to second-guess the jury to a limited degree, the review should still be deferential, with a high level of skepticism about the jury's verdict required before a reversal can occur."  *Roberts v. State*, 220 S.W.3d 521 (Tex. Crim. App. 2007).  The difference between the two standards is that the

---

[2]Neal testified he thought the substance was "approximately under one gram."

[3]The testing occurred in July 2005, and the trial was in June 2007.  When the chemist examined the vial at the trial, she testified that the liquid had evaporated.

former requires the reviewing court to defer to the jury's credibility and weight determinations while the latter permits the reviewing court to substitute its judgment for the jury's on these questions "albeit to a very limited degree." *Marshall*, 210 S.W.3d at 625.

Baker argues that the evidence is legally and factually insufficient because of the discrepancy between what Neal originally thought the substance was (methamphetamine of less than one gram) and the chemist's determination that the substance contained 2.47 grams of cocaine. There is no challenge to the chain of custody of the evidence.

First, there is no evidence that Neal's testimony concerning the amount of the substance was anything other than an estimate. As to the identity of the substance, the chemist testified that she detected a small trace of methamphetamine in the vial, but since it was such a small amount compared to the cocaine, she did not do a complete analysis to identify the methamphetamine. There was evidence, which if believed by the jury, would place Baker in possession of a bag which contained a vial containing cocaine in an amount of between one and four grams. While counsel brought to the jury's attention the possible conflicts in the testimony of the officer and the chemist, ultimately the credibility of the witness—the witness' believability—is a matter within the purview of the jury to determine. The state of the evidence does not allow us to conclude the jury's verdict is clearly wrong or manifestly unjust.

The evidence is legally and factually sufficient to support the verdict.

4

We affirm the judgment of the trial court.


Jack Carter
Justice

Date Submitted:      June 30, 2008
Date Decided:        July 1, 2008

Do Not Publish